PER CURIAM.
Bruce Douglas Company, a general contractor, entered into a contract with the owner of real property in Broward County, to construct Ramblewood Square. Subsequently, Douglas entered into a subcontract for the electrical portion of the work with BLY Electrical Construction Service, Inc. BLY in turn purchased materials from C.E.S. Industries for electrical supplies. American Casualty issued a performance and payment bond with Douglas for the project.
Ultimately C.E.S. sued Douglas, BLY and American Casualty for compensation for the materials it had provided. BLY then filed a cross-claim against Douglas and American Casualty for breach of contract and against the performance and payment bond. BLY propounded interrogatories to American on November 30, 1989. On December 29, 1989 American Casualty filed a Motion for Extension of Time to answer the interrogatories, which motion indicated that American anticipated that the responses would be completed by January 15, 1990. The motion specifically stated that American did not waive any objections to the interrogatories. The trial court never ruled on the motion for extension of time. On January 16 BLY filed a Motion for Order Compelling American to supply answers. This motion was not noticed for hearing and no hearing was held on the motion. Nevertheless, on January 17, 1990 the trial court entered an ex parte order compelling American Casualty to file full and complete answers to the interrogatories pursuant to Local Rule 10 of the 17th Judicial Circuit, which provides:
When a motion to compel alleges a complete failure to respond or object to discovery, and there has been no request for extension, an ex parte order may be entered requiring compliance with the original discovery demand within ten (10) days of the signing of the order ... (emphasis added)
American Casualty filed a motion for reconsideration which suggests that some of the interrogatories were privileged either on the basis of work product or attorney client privilege. The trial court denied the motion for reconsideration stating that the time requested for extension had lapsed prior to entry of the January 17, 1990 order.
American Casualty has filed this petition for writ of certiorari seeking review of the trial court’s order compelling answers to the interrogatories. American argues that because it had a pending request for extension of time to file answers to the interrogatories the trial court should have given American notice and an opportunity to be heard prior to compelling discovery. American also reiterates that certain of the interrogatories are beyond the scope of discovery because they are either protected by the attorney-client privilege or are work product. American argues that if it is forced to reveal this information it will be irreparably harmed. We grant the petition for writ of certiorari and quash the order compelling discovery.
Local Rule 10 provides that there can be an ex parte order requiring compliance with a discovery demand only when there has been no request for an extension of time. Here American had filed a motion for extension of time which indicated that American anticipated that it would complete the responses to the interrogatories by January 16. However, this motion was never ruled upon, and in any case it only indicated an anticipated time for completion. An unspecified length of time to respond was requested.
Additionally, several of the Rules of Civil Procedure require notice in these circumstances. Rule 1.380(a), Florida Rules of Civil Procedure provides that a party may apply for an order compelling discovery “upon reasonable notice” to other parties. *827 Rule 1.090(d), Florida Rules of Civil Procedure, provides that a copy of any written motion which may not be heard ex parte and a copy of a notice of a hearing thereof shall be served a reasonable time before the time specified for the hearing. Because American had filed a motion for extension which had never been ruled upon by the trial court these rules apply and the motion should not have been heard ex parte and without notice.
Accordingly, we grant the petition, quash the order compelling discovery, and remand for a hearing to entertain American’s objections to the interrogatories on the merits.
WALDEN, GUNTHER and POLEN, JJ., concur.